Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
E-mail:  LeslieG@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ALTONA, INC.,<br><br>Debtor(s). | Case No.: 25-05062-CL7<br><br>**TRUSTEE'S MOTION TO (1) APPROVE BIDDING AND AUCTION PROCEDURES; AND (2) SELL REAL PROPERTY VIA AUCTION PURSUANT TO 11 U.S.C. SECTION 363, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      March 23, 2026<br>Time:      10:00 a.m.<br>Dept:       One (1)<br>Honorable Christopher B. Latham |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 2

II. STATEMENT OF FACTS .................................................................................. 3

    A. General Background ................................................................................ 3

    B. Sale Transaction, Subject to Overbid ...................................................... 6

    C. Proposed Auction Procedures .................................................................. 8

    D. Tax Analysis ........................................................................................... 10

    E. Status of the Estate and Claims ............................................................. 11

III. MEMORANDUM OF POINTS AND AUTHORITIES .................................. 11

    A. An Articulated Business Justification Exists for the Proposed Sale. ................................................................................... 11

    B. Accurate and Reasonable Notice of the Sale Will Be Provided. ............................................................................................... 12

    C. The Purchase Price Is Fair and Reasonable. ........................................ 12

    D. Sale of the Property Free and Clear of Liens and Interests Is Permitted Under Section 363(f) of the Bankruptcy Code. ........ 12

    E. Buyer Is a Good Faith Purchaser. ......................................................... 13

    F. Other Relief Requested. ......................................................................... 14

    G. The Proposed Sale and Auction Procedures Are in the Best Interests of the Estate. ................................................................... 14

IV. CONCLUSION .................................................................................................. 14

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

IN RE ALTONA, INC.
CASE NO. 25-05062-CL7

ii

MOTION TO APPROVE AUCTION PROCEDURES
AND SELL REAL PROPERTY

# TABLE OF AUTHORITIES

**Cases** Page

*Cmty. Thrift & Loan v. Suchy (In re Suchy)*,
    786 F.2d 900 (9th Cir. 1985) ........................................................................ 14

*Inst. Creditors v. Cont'l Air Lines, Inc.*
    *(In re Cont'l Air Lines, Inc.)*,
    780 F.2d 1223 (5th Cir. 1986) ...................................................................... 11

*Mann v. Alexander Dawson Inc. (In re Mann)*,
    907 F.2d 923 (9th Cir. 1990) ........................................................................ 13

*Onouli-Kona Land Co. v. Estate of Richards*
    *(In re Onouli-Kona Land Co.)*,
    846 F.2d 1170 (9th Cir. 1988) ...................................................................... 13

*Walter v. Sunwest Bank (In re Walter)*,
    83 B.R. 14 (B.A.P. 9th Cir. 1988) ................................................................ 11

**Federal Statutes**

11 U.S.C. § 363 ................................................................. 1, 6, 11, 12, 13, 14, 15

11 U.S.C. § 506 ............................................................................................ 14, 15

11 U.S.C. § 704 ................................................................................................. 11

**Federal Rules**

Fed. R. Bankr. P. 9017 ....................................................................................... 1

Fed. R. Evid. 201 ............................................................................................... 1

Leslie T. Gladstone, chapter 7 trustee ("**Trustee**"), submits the following motion to approve bidding and auction procedures and to sell real property via auction, pursuant to 11 U.S.C. Section 363, free and clear of liens, claims, and interests (the "**Motion**"). The Motion is based on the Memorandum of Points and Authorities cited herein, the Notice of Hearing and Motion and Declaration of Leslie T. Gladstone ("**Gladstone Declaration**") filed concurrently herewith, and all pleadings and court documents on file in this case.[1]

In the event that there is opposition to the Motion, the Court has set a hearing date on March 23, 2026 at 10:00 a.m., to resolve any opposition (the "**Initial Hearing**"). If there is no opposition to the Motion by the Court or any party in interest, Trustee requests that the Initial Hearing be vacated and that the sale and auction procedures be approved.

Trustee anticipates that the auction will commence on or about April 17, 2026, after sufficient notice and marketing has been provided in the Trustee's discretion and only if there is no unresolved opposition to the Motion. Following conclusion of the auction, Trustee will submit the results of the auction in a supplemental declaration, identifying the winning bid and the sale price, for confirmation by the Court, and a confirmation hearing to be held on or about April 27, 2026 (the "**Confirmation Hearing**"). In the event that no opposition to the Motion is timely filed and the auction results in a highest and best offer, Trustee requests that this Motion be fully granted, that the sale be confirmed to the highest and best offer and the Confirmation Hearing be removed from the

---

[1] Trustee respectfully requests, pursuant to Rule 201 of the Federal Rules of Evidence, made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, that the Court take judicial notice of the case docket for the above-captioned case and each of the pleadings and other documents on file in the case.

IN RE ALTONA, INC.  
CASE NO. 25-05062-CL7

1   MOTION TO APPROVE AUCTION PROCEDURES  
AND SELL REAL PROPERTY

Court's calendar.  Trustee will then submit an Order approving the sale and confirming the Buyer without further hearing.[2]

# I.

# **INTRODUCTION**

Trustee seeks to sell certain commercial real property, a small shopping center in Sherman, Texas, located at the corner of N. Loy Lake Road and East Taylor Street (the "**Property**"), that is property of the bankruptcy estate.  Trustee intends to sell via real estate auction, using the services of Braunco, Inc ("**Braunco**") and R. Creighton Stark, III, Broker of Weitzman Management Corporation ("**Broker**").  An application to employ Braunco and Broker is being filed contemporaneously with this Motion.

Braunco and Broker will advertise the sale and conduct an auction to obtain the highest and best offer for the Property.  Accordingly, Trustee requests Court approval of certain sale and auction procedures, including the requirement that any auction bidder prequalify to bid at the auction and the allowance of credit bidding by the lender on the Property, Retail Reposition Partners, 25, LLC ("**RRP**").  If a bidder prequalifies, an auction will be held on or about April 17, 2026 to determine the successful bidder and a back-up bidder.  Trustee requests authority to sell the property to the successful bidder and a back-up bidder on the terms described below.

---

[2]  Questions regarding whether the Initial Hearing or the Confirmation Hearing will be held should be directed to Trustee's counsel (Christin Batt at 858-294-0216 or ChristinB@flgsd.com.

IN RE ALTONA, INC.  
CASE NO. 25-05062-CL7

2

MOTION TO APPROVE AUCTION PROCEDURES  
AND SELL REAL PROPERTY

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

# II.
# STATEMENT OF FACTS

### A. General Background

This bankruptcy case was commenced by Altona, Inc ("**Debtor**") on December 1, 2025 (the "**Petition Date**"), under Chapter 7 of the United States Bankruptcy Code. On or about the same date, Leslie T. Gladstone was appointed the chapter 7 trustee of Debtor's bankruptcy estate (the "**Estate**").

The Property is one of the assets in the Estate.

Contemporaneously with the Motion, Trustee will file the Application to Employ Real Estate Broker and Auctioneer, to authorize the employment of Braunco, Inc ("**Braunco**") and R. Creighton Stark, III, Broker of Weitzman Management Corporation ("**Broker**") to market and auction the Property. Trustee intends to use the Texas Commercial Purchase Agreement and Joint Escrow Instructions, including Addendum No. 1 (the "**Purchase Agreement**") for terms of the sale. A copy of the Purchase Agreement is attached to the Gladstone Declaration as Exhibit A and incorporated herein.

Trustee, in consultation with Braunco and Broker, believes that an auction among potential buyers who show interest in the Property will yield the highest and best purchase price. Therefore, Trustee requests approval of the Purchase Agreement, together with additional terms suggested below or as otherwise approved by the Court.

Trustee respects the Court's preference for preapproval of auction procedures. Weighing this and the exigencies of this real estate sale, Trustee requested and the Court has set the Initial Hearing to approve the Purchase Agreement and below terms of sale and to address any opposition to the Motion (none is expected). In the event that there is no opposition or changes requested by the Court to the bidding or auction procedures, Trustee requests that the bidding and auction procedures be approved and that the auction be permitted to

commence on or around April 17, 2026, with a hearing to take place thereafter on or about April 27, 2026 to confirm the highest and best offer (and back up offer if appropriate).

Braun and Broker will market and show the Property to any interested purchaser and will provide notice of the auction opportunity via publication on their websites and list serves, and on Loopnet.com, Costar.com and Crexi.com real estate sale platforms.

In addition, notice of Trustee's proposed sale of the Property and overbid opportunity is being posted at Inforuptcy.com, described as the most comprehensive bankruptcy assets database in the country. Inforuptcy lists estate assets for sale to a nationwide audience at no cost to the estate. According to the website, Inforuptcy subscribers can search and/or receive alerts for the sale of assets.

RRP is expected to credit bid for the Property up to the amount owed on its loan, which as of April 27, 2026 is approximately $6,548,228.28 (the "**Maximum Credit Bid Amount**"). In addition to the Maximum Credit Bid Amount, RRP has also agreed to a minimum cash component of its bid in the amount of Two Hundred Seventy-Five Thousand Dollars ($275,000.00), comprised of One Hundred Fifty Thousand Dollars ($150,000.00) to be applied towards administrative expenses of the Estate, Seventy-Five Thousand Dollars ($75,000.00) to Braun/Broker and Fifty Thousand Dollars ($50,000.00) to unsecured creditors (the "**Cash Component**"). RRP has also agreed to assume all real estate taxes owed, estimated at One Hundred Fifteen Thousand Dollars ($115,000.00) (the "**Tax Liabilities**").

In addition, and regardless of whether RRP is the winning bid in the auction and/or whether RRP will receive payment for the full amount of its debt owed, RRP has agreed to release any claim to the cash currently held by the Estate in the form of rents received and bank account funds. The amount

currently held by the Estate as of February 18, 2026 is approximately One Hundred Eighty-Five Thousand Dollars ($185,000.00), with additional rents expected in March and April, 2026, for arrearage and/or current rents.

Also, whether or not RRP is the Successful Bidder, if the Successful Bid is more than or equal to $6,900,000.00, RRP has agreed that the Cash Component will be paid from the sale proceeds, together with an increase in the Braun/Broker Commission from $75,000.00 to 4% of the Successful Bid price, as a carve out from the RRP Lien, to the extent needed to pay the Cash Component and Braun/Broker fee in full.

Given all of the foregoing, the minimum price at auction will be Six Million Nine Hundred Thousand Dollars ($6,900,000.00) and will be subject to the Tax Liabilities but free and clear of all other liens, claims, and interests. Also, for any bid at or in excess of Six Million Nine Hundred Thousand Dollars ($6,900,000.00), whether credit bid or otherwise, the Braun/Broker commission will be raised from Seventy-Five Thousand Dollars ($75,000.00) to four percent (4%) of the purchase price.

The proposed sale of the Property will bring into the Estate a guaranteed payment of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) towards administrative expenses (including broker fees) and unsecured claims. In addition, regardless as to whether the Property is sold to RRP or a third party, RRP will release any lien that RRP may have to the cash currently held by the Estate, in the form of rents and bank account funds, which as of February 18, 2026, is over One Hundred Eighty-Five Thousand Dollars ($185,000.00), with additional amounts expected in March and April based on rents owed at the Property less operating expenses. As such, any disposition obtained by the auction, regardless as to whether it is a credit bid or sale, will result in a significant benefit to the Estate.

B.  **Sale Transaction, Subject to Overbid**

Below are the suggested terms of the sale transaction.

(1) Purchase Price:

   (a) Credit bid by RRP, in a minimum amount of Six Million One Hundred Thousand Dollars ($6,100,000.00) plus the Cash Component of Two Hundred Thousand Dollars ($275,000.00) and sale is subject to the Tax Liabilities, payable as follows: guaranteed cash payment due at Closing; or

   (b) Minimum cash bid of Six Hundred Nine Hundred Thousand Dollars ($6,900,000.00), subject to the Tax Liabilities, but free and clear of all other liens, claims, or interests payable as follows: One Hundred Thousand Dollars ($100,000.00) deposit due as part of qualification process to bid and the remaining balance of the Purchase Price due at Closing.

(2) "As-Is, Where-Is":  The sale is as-is, where-is, no representations, no warranties.

(3) Closing Date:  upon entry of the sale order or as soon thereafter as possible.

(4) Sale Free-and-Clear:  The Property will be sold to Buyer free and clear of any and all monetary liens, claims, encumbrances, or other interests except any and all real estate taxes owed as of Closing.

(5) Buyer Breach:  If Buyer fails to close, Buyer will forfeit its deposit as liquidated damages and Trustee will have the right to seek any and all other remedies and damages from Buyer.

(6) Treatment of Liens, Claims, Encumbrances, and Other Interests:  As authorized by Section 363(f) of the Bankruptcy Code, the sale will be free and clear of all monetary liens, claims, encumbrances and other interests ("**Liens**"), with such Liens attaching to the sale proceeds with the same validity, scope,

priority, and perfection as they had on the Property immediately prior to the closing and except that the sale is subject to any and all real estate taxes owed on the Property. Trustee is aware of the following interests, liens, and encumbrances on the Property:

(a)  RRP  $6,548,228.28 (as of April 27, 2026)[3];

(b)  Tax Liabilities of approximately One Hundred Fifteen Thousand Dollars ($115,000.00).

In the event that RRP is the winning bid via a credit bid, the RRP lien will not be paid in cash but will be considered satisfied and its lien released from the Property and all other assets of the Estate. Also, the sale is subject to the Tax Liabilities on the Property, such liens to be paid or assumed pursuant to the agreement between Buyer and the taxing authorities. In the event the sale is not approved or not consummated, all existing Liens will remain unaffected.

(7) Conditions to Close: A Bankruptcy Court order approving the sale of the Property to Buyer.

The Purchase Agreement is a commercial form with an Addendum to address certain bankruptcy exceptions and procedures commonly used in this District.

The net proceeds from this sale are estimated to result in Two Hundred Thousand Dollars ($200,000.00) to the Estate in addition to at least Seventy Five Thousand ($75,000.00) to Braun/Broker. Also, the sale will free up the cash already in the Estate from lien claims asserted by RRP. Trustee believes that the sale is in the best interest of the Estate and in her business judgment should be approved.

---

[3] As of the Petition Date.

C. **Proposed Auction Procedures**

On the date(s) designated for the auction, RRP is expected to credit bid in a minimum amount of Six Million One Hundred Thousand Dollars, plus the Cash Component and subject to the Tax Liabilities. If any other bidders are present, Braun/Broker will hold an auction. Trustee requests approval of the following suggested terms and proposed auction procedures.

(1) Initial Overbid: Six Million Nine Hundred Thousand Dollars ($6,900,000.00).

(2) Subsequent Incremental Bids: Minimum Fifty Thousand Dollars ($50,000.00).

(3) Deposit to Bid: One Hundred Thousand Dollars ($100,000.00).

(4) Prequalification Deadline: April 15, 2026, at Noon (PDT).

(5) The auction will continue until the highest and best bid (the "**Successful Bid**" from the "**Successful Bidder**") and the second-highest bid (the "**Back-Up Bid**" from the "**Back-Up Bidder**") are achieved. The Successful Bid will be irrevocable. The Back-Up Bid will be irrevocable until the later of (i) two days after the order approving the Successful Bid becomes final and (ii) the closing of the sale to the Successful Bidder. Once the Back-Up Bid is no longer irrevocable, Trustee will promptly refund the Back-Up Bidder's deposit.

(6) The Successful Bidder and Back up Bidder will be required to attend the Confirmation Hearing in person, telephonically, or whatever medium the Court requires.

(7) Prequalification to Overbid: In order to be allowed to bid, a party must present each of the following to Trustee, on or before the Prequalification Deadline **(April 15, 2026 at noon)** set forth above:

(a) Good funds (i.e., cashier's check or wire transfer) in the amount of One Hundred Thousand Dollars ($100,000.00), payable to Estate of Altona, Leslie T. Gladstone, Trustee, as a deposit, nonrefundable

to the Successful Bidder and Back-Up Bidder, except as provided in subparagraph 5 above. These funds will be deposited into the Estate's bonded account and will be promptly refunded to unsuccessful bidders following closing. The deposit of the Successful Bidder shall be applied to the final purchase price ordered by the Court.

    (b)    Evidence that:

        (i)    fully discloses the legal identity of each entity that will be bidding or otherwise participating in connection with such bid, as well as its officers or directors and its beneficial owners;

        (ii)    fully discloses any connections or agreements with the Debtor or Trustee, any other known Potential Bidder or Qualified Bidder, and/or any officer or director of the foregoing; and

        (iii)    the bidder has the financial wherewithal to close the transaction, in Trustee's discretion. Such evidence must include, at a minimum, financial statements of the bidder or party responsible for the bidder's obligations, certified under penalty of perjury as true and correct.

(8)    Bid Requirements: In addition to the prequalification requirements, any bidder, prior to submitting a bid, must provide evidence or statements as to the following:

        (i)    expressly acknowledging and representing that the Potential Bidder (i) has had an opportunity to conduct any and all due diligence relating to the Property prior to making its bid, (ii) has relied solely upon its own independent review, investigation, and/or inspection of the Property in making its Bid, and (iii) did not rely upon any written or

oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law, or otherwise, regarding the Property, except as expressly stated in the Purchase Agreement;

(ii)     the bid does not contain any financing contingencies of any kind;

(iii)    the bid does not contain any condition to closing of the transaction on any basis, except as provided in the Purchase Agreement;

(iv)    the bid includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Purchase Agreement;

(v)     expressly agreeing to close the transaction by the Closing Date, or such other date ordered by the Court; and

(vi)    The signed Purchase Agreement with the bid amount contained therein.

(9)    Back-Up Bid:  If, following entry of the order authorizing this sale, the Successful Bidder fails to consummate the sale because of a breach or failure to perform on the part of the Successful Bidder, the Back-Up Bid will be deemed to be the new Successful Bid and Trustee will be authorized, but not required, to consummate the sale with the Back-Up Bidder without further order of the Court. In the event of a breach or failure to perform by the Successful Bidder, the Successful Bidder will forfeit its deposit to the Estate and Trustee will have the right to seek any and all other remedies and damages from the Successful Bidder.

**D.   Tax Analysis**

Debtor is presumed to be a flow through entity, based on prior year tax returns obtained by Trustee.  Accordingly, there is not expected to be any federal taxes owed as a result of the sale.  As to state taxes, Trustee expects that the

Estate may have to pay approximately Twenty Thousand Dollars ($20,000.00). As to real estate taxes, these are assumed by Buyer.

### E.     Status of the Estate and Claims

Debtor has failed to file any schedules in this case and so the extent of claims is presently unknown. However, Trustee obtained a preliminary title report on the Property and has been in contact with all known tenants at the Property. Trustee is also in contact with the receiver appointed over Altona and Altona's principal, Ali Amir.

Given the guaranteed payments to the Estate from the Cash Component, the result to the Estate is clear - $150,000.00 towards administrative expenses, at least $75,000.00 to Braun/Broker and $50,000.00 to unsecured creditors, in addition to the cash already held by the Estate.

## III.
## MEMORANDUM OF POINTS AND AUTHORITIES

Section 704 of the Bankruptcy Code requires that a chapter 7 trustee "collect and reduce to money the property of the estate." 11 U.S.C. § 704(a)(1).

### A.     An Articulated Business Justification Exists for the Proposed Sale.

Section 363(b) of the Bankruptcy Code provides that a trustee, after notice and a hearing may "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The standard for approval of a sale of property of the estate under section 363(b) is whether there exists "some articulated business justification" for the proposed transaction. *Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14, 19 (B.A.P. 9th Cir. 1988) (quoting *Inst. Creditors v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines, Inc.),* 780 F.2d 1223, 1226 (5th Cir. 1986)).

Ample business justification exists for the proposed sale. The Property is property of the Estate. The sale will bring into the Estate net sale proceeds of $275,000.00 towards administrative expenses (including broker fees) and creditor

claims. The sale will also result in the release of RRP's lien against cash already held by the Estate, as well as any additional funds yet to be received by the Estate for either past due or future rents.

In light of the foregoing, Trustee believes that the proposed auction is in the best interests of the Estate.

**B.     Accurate and Reasonable Notice of the Sale Will be Provided.**

As described above, the Property will be extensively marketed for sale by Braun/Broker, including marketing on Braun/Broker websites and list serves, and on Loopnet.com, Costar.com and Crexi.com. Trustee has also given notice of the sale to all known creditors of the Estate, all parties requesting special notice, and all entities required to be given notice under the federal and local bankruptcy rules.

**C.     The Purchase Price Is Fair and Reasonable.**

The minimum auction bid is based on the sum of RRP's allowed credit bid plus the required cash component. Trustee believes the auction format will provide the highest and best recovery for the Property.

**D.     Sale of the Property Free and Clear of Liens and Interests Is Permitted Under Section 363(f) of the Bankruptcy Code.**

Section 363(f) of the Bankruptcy Code describes the circumstances under which a trustee may sell property of the estate free and clear of any interest of third parties in such property:

> The trustee may sell property under subsection (b) … free and clear of any interest in such property of an entity other than the estate only if—
>
> (1)     applicable non-bankruptcy law permits sale of such property free and clear of such interests;
> (2)     such entity consents;
> (3)     such interest is a lien and the price the property is to be sold is greater than the aggregate value of all liens on such property;

>    (4)   such interest is in bona fide dispute; or
>    (5)   such entity could be compelled, in a legal or equitable proceeding to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Here, Trustee is informed and believes that the Property is encumbered only by the RRP Lien and the unpaid property taxes. Either the credit bid or any auction bid will be greater than and/or in full satisfaction of the RRP Lien and RRP has also consented to the sale. As to the Tax Liabilities, it is a requirement of the sale that the buyer assume or pay all taxes owed. Trustee may sell the Property free and clear of the RRP Lien pursuant to sections 363(f)(2) and (f)(5), and subject to the Tax Liabilities.

### E.   **Buyer Is a Good Faith Purchaser.**

Section 363(m) of the Bankruptcy Code provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith …". 11 U.S.C. § 363(m). "Under 11 U.S.C. § 363(m), an appeal of a bankruptcy court's ruling on a [sale] generally cannot affect the rights of a good faith purchaser of the foreclosed property, unless the debtor [or other complaining party] stays the … sale pending an appeal." *Mann v. Alexander Dawson Inc. (In re Mann),* 907 F.2d 923, 926 (9th Cir. 1990).

"[T]he primary goal of the mootness rule [embodied in section 363(m)] is to protect the interest of a good faith purchaser … of the property, thereby assuring finality of sales." *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.),* 846 F.2d 1170, 1172 (9th Cir. 1988) (internal quotation omitted). As set forth in the Gladstone Declaration, the protection of Section 363(m) is appropriate in this case because the auction is in good faith and Trustee is a neutral party. *See Onouli-Kona Land Co.,* 846 F.2d at 1173 (lack of good

faith within meaning of section 363(m) requires "fraud, collusion, … or an attempt to take grossly unfair advantage of other bidders") (quoting *Cmty. Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 901-02 (9th Cir. 1985).

Any successful bidder will be required to attend the Confirmation Hearing before the Court, at which time the Court may determine whether such successful bidder is a good-faith purchaser. As a consequence, the requested finding that Successful Bidder and Back-Up Bidder is a "good faith" purchaser within the meaning of Section 363(m) of the Bankruptcy Code is appropriate.

### F.  Other Relief Requested.

Trustee expressly reserves and does not waive her right to surcharge the Property and the proceeds thereof under Section 506(c) of the Bankruptcy Code to the extent the Property secures an allowed secured claim, for reasonable, necessary costs of preserving or disposing of the Property to the extent of any benefit to the holder of such secured claim or claims, except that, Trustee shall relinquish those rights upon payment to the Estate of the Cash Component and Braun/Broker fee from escrow and release by RRP of its alleged lien rights against funds currently held or to be received by the Estate in the form of rents received and bank account funds.

### G.  The Proposed Sale and Auction Procedures Are in the Best Interests of the Estate.

In view of the compelling business reasons for the proposed transaction—generating funds to pay creditors—the proposed sale and auction procedures are in the best interests of the Estate and should be approved.

## IV.
## CONCLUSION

For all the foregoing reasons, the proposed sale and auction procedures are in the best interests of the Estate and should be approved.

WHEREFORE, Trustee respectfully requests that the Court enter an order:

(1) approving the proposed auction procedures;

(2) authorizing Trustee to conduct the auction of the Property to obtain a Successful Bidder and Back-Up Bidder;

(3) authorizing the sale free and clear of all liens, claims, and interests, with any such liens, claims and interests attaching to the sale proceeds with the same validity, scope, priority, and perfection as they had on the Property immediately prior to the closing[4], except that any real estate taxes will be assumed by Successful Bidder and/or Back-up Bidder;

(4) authorizing the payment to RRP of its claim from the proceeds of the sale;

(5) finding that each of Buyer or Successful Bidder and Back-Up Bidder is a good-faith purchaser within the meaning of section 363(m) of the Bankruptcy Code; and

(6) preserving Trustee's right to surcharge the Property under Section 506(c) of the Bankruptcy Code if a sale is not accomplished pursuant to the terms herein.

Trustee also requests such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 23, 2026         FINANCIAL LAW GROUP

By:  /s/ Leslie T. Gladstone
     Leslie T. Gladstone, Esq.
     Attorneys for Leslie T. Gladstone, Trustee

---

[4] In the event the sale is not consummated, the existing liens on the Property shall remain unaffected.